WILLIAM FEELEY, PLAINTIFF, v. PORT OF NEW YORK AUTHORITY, DEFENDANT.

Essex County Court
Law Division

Decided December 5, 1958.

*Mr. Milton Gurny* argued the cause against the motion (*Messrs. Kristeller, Zucker, Lowenstein & Cohen,* attorneys for the plaintiff).

· *Mr. Francis A. Mulhern,* attorney for the defendant, argued the cause for the motion.

PINDAR, J. S. C. This suit is by a workmen's compensation insurance carrier in the name of an employee of its assured, pursuant to *N. J. S. A.* 34:15–40(*f*). The defendant moves for a dismissal of the complaint, asserting that *N. J. S. A.* 32:1–163 and 164 proscribe liability of the defendant in this case. That motion is grounded on a "lack of jurisdiction as to person of defendant  *  *  *  and as to the subject matter of the complaint," under contended support of the affidavit of William F. Gillespie, and brief. Plaintiff resists and submits affidavit of W. O. Richter, and brief. No factual dispute exists and the cause pleaded will be now stated.

The named plaintiff on March 11, 1957, as an employee of West Farms Iron Works, Inc., was engaged in work being performed by his employer upon premises of defendant where he suffered injuries allegedly due to a nuisance maintained or negligence caused by defendant. The United States

Fidelity and Guaranty Company covered the employer for workmen's compensation and under an informal proceeding paid a permanent disability award of 17.9 weeks at $35 per week. Notice of said award was given defendant on January 20, 1958, and on August 22, 1958 the carrier made written inquiry of the employee which in substance referred to a prospective proceeding by him to sue defendant (in a third-party aspect) and the assumption that his failure to so inform said carrier after ten days would indicate his lack of intention to act. Feeley did not respond, which gave reason for this suit under the aforementioned statute.

It is here noticed that the action at bar was filed October 7, 1958, or about one year and seven months after the injury. On that basis defendant asserts the defense of sovereign immunity in the absence of its consent to be sued; and even if such consent is to be assumed, plaintiff has failed to comply with the provisions of the statute (*N. J. S. A.* 32:1–163, 164, *supra*).

*Section* 163 provides that suit be "commenced within one year after the cause of action therefor shall have accrued," and upon the further condition that in such event, in an action for money, a notice of claim be served "at least sixty days before such suit." In this case there was no direct compliance with either condition. But neither condition is applicable here under the "exemptions" therefrom provided in *section* 163 thusly:

"The provisions of this section shall not apply to claims *arising out of provisions of any* workmen's compensation law of either state." (Italics ours.)

Likewise, the provisions of *section* 164 do not apply.

It will be noticed that "consent," except where the provisions of *sections* 163 and 164 are applicable, is statutorily established by legislative adoption. *N. J. S. A.* 32:1–157.

*N. J. S. A.* 34:15–40 (*f*), *supra,* of our Compensation Act provides for a carrier's right of action as here exercised in the interest of subrogation. As therein provided such action cannot be brought until the expiration of one year plus a

period of ten days after notice to the employee to undertake third-party action. If defendant's contentions are to be regarded as sound, then the right to bring such suits under *subsection* (f) would be nullified by *N. J. S. A.* 32:1–163; that is to say, because of the one-year period aforementioned.

Notwithstanding the foregoing situation defendant persists the litigated claim should not be regarded as one for workmen's compensation. Such contention is surely contrary to legislative intent. It is inescapable that there is clear and convincing support for the prevailing statutory right here litigated, as indubitably the claim is one "arising out of provisions of any [our] workmen's compensation law." Moreover, the prescribed subrogation, *N. J. S. A.* 34:15–40 (f), is a comprehensive whole when considered with the entire section 40, *supra.*

Although research discloses no case in this State which has dealt with the subject matter here being reviewed, I am satisfied, applying the declared rules which control statutory construction, that in the light of the circumstances *sub judice* the claim of the plaintiff is not barred and that the cause pleaded is within existing jurisdiction.

Whereas that conclusion warrants denial of the motion to dismiss the complaint, the form thereof indicates need of an amendment to overcome a technical deficiency in pleading. That situation calls for a disclosure of the real party in interest and specific reference to the statute upon which plaintiff's nominator relies. *R. R.* 4:8–1.

Accordingly, I have concluded to reserve to plaintiff leave, within ten days, to amend the complaint to conform to the rules, in which event the motion to dismiss will be denied; otherwise the motion shall be granted.

Counsel should submit conformable order.