136 N.J. Super. 249 (1975)
345 A.2d 382
MARK WOOD, PLAINTIFF,
v.
DIC/UNDERHILL AND UNIVERSAL BUILDERS SUPPLY CO., BLITMAN CONSTRUCTION CO., PORT AUTHORITY OF N.Y. AND N.J., A/K/A JOURNAL SQUARE TRANSPORTATION CENTER, AND E. MAKISH, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 27, 1975.
*251 Mr. Henry J. Williams for plaintiff (Messrs. Seaman, Williams and Seaman, attorneys).
Mr. Francis X. Garrity for defendant Port Authority of N.Y. and N.J., a/k/a Journal Square Transportation Center (Messrs. Bergamino & DeGonge, attorneys).
BILDER, J.S.C.
This suit arises from an accident which occurred on December 13, 1972 in connection with the construction of a project for the Port Authority of New York and New Jersey (hereinafter called Port Authority). Plaintiff was a carpenter employed by a subcontractor and alleges he was injured when a scaffold upon which he was working broke, causing him to fall some 30 feet.
Plaintiff pursued his workmen's compensation remedies against his employer, the subcontractor. Thereafter he instituted the instant suit, naming as defendants the owner, the general contractor and a safety inspector  third parties he alleges to be liable to him for his injuries. The right of workmen's compensation is not a bar to such a third-party action. N.J.S.A. 34:15-40.
This is a motion by the defendant Port Authority for a dismissal on the ground that suit is barred by virtue of plaintiff's failure to comply with the provisions of N.J.S.A. 32:1-163 which requires that suits against the Port Authority be commenced within one year after the date the cause of action accrues. As noted, the accident occurred on December 13, 1972 and suit was not instituted against the Port Authority until January 14, 1974. It is well settled that an action for personal injury accrues at the time of the accident. Tortorello v. Reinfeld, 6 N.J. 58, 65 (1950).
N.J.S.A. 32:1-163 provides as follows:
The foregoing consent is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall *252 be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the Port Authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced. The provisions of this section shall not apply to claims arising out of provisions of any workmen's compensation law of either State.
It is plaintiff's contention that his claim in this suit against the Port Authority arises out of the provisions of our Workmen's Compensation Act and is therefore saved by the last sentence of N.J.S.A. 32:1-163.
Initially it should be noted that the Port Authority is the creature of a bi-state compact requiring concurrent legislation of both New York and New Jersey. "Since the Authority is an instrumentality of New York and New Jersey, it is eminently desirable, of course, that the path of judicial decision in the courts of the two states be a common one." Moonachie v. Port of N.Y. Auth., 38 N.J. 414, 425 (1962).
Prior to 1951 the Port Authority was immune from suit. See Port of N.Y. Auth. v. Weehawken Tp., 27 N.J. Super. 328, 333 (Ch. Div. 1953); Trippe v. Port of New York Auth., 14 N.Y.2d 119, 123, 249 N.Y.S.2d 409, 410, 198 N.E.2d 585, 586 (Ct. App. 1964). By joint legislation which became effective June 13, 1951, sovereign immunity was waived and consent was given to suits against that agency. N.J.S.A. 32:1-157 et seq.; N.Y. Unconsolidated Laws § 7101 et seq. (McKinney 1951). As an act in derogation of sovereign immunity this legislation must be strictly construed. Rao v. Port of New York Auth., 122 F. Supp. 595 (E.D.N.Y. 1954), aff'd 222 F.2d 362 (2 Cir.1955). See State v. Court of Common Pleas, 1 N.J. 14, 22 (1948).
Examination of our case law discloses only one decision dealing with the saving sentence exempting claims arising out of provisions of our compensation law from the one-year *253 limitation. In Feeley v. Port of New York Auth., 53 N.J. Super. 233 (Cty. Ct. 1958), Judge Pindar held that a compensation carrier's subrogation right under N.J.S.A. 34: 15-40(f) (a portion of our Workmen's Compensation Act) was a claim arising out of a provision of the compensation law and thus saved by the exemption in N.J.S.A. 32:1-163. In Feeley an employee of a contractor was injured while doing work for an employer on defendant's premises. Compensation was duly paid by the employer's carrier. After it appeared that the employee did not intend to institute proceedings against the Port Authority for the injuries he had received, the carrier commenced an action pursuant to N.J.S.A. 34:15-40(f).
Judge Pindar pointed out that the carrier, in bringing this suit, was exercising a right of subrogation specifically provided for in the Workmen's Compensation Act. Thus, as a claim arising under the act, the carrier's subrogation claim was not barred by the provisions of the one-year statute of limitations in N.J.S.A. 32:1-163. He further noted the anomaly that would exist if this were not so by virtue of the fact that N.J.S.A. 32:1-163 requires that a suit be commenced within one year after the cause of action accrues, whereas N.J.S.A. 34:15-40(f) does not permit the bringing of the subrogation action by the compensation carrier until after the expiration of one year from the accident plus ten days after written notice to the employee.
In the instant case plaintiff's suit against the Port Authority is founded upon common law tort remedies. He would predicate liability on the failure of the Port Authority to fulfill the duties which it owed to him with respect to his presence upon its land. Similarly, his claims against the other defendants are based on common law principles. The action which is being brought is not a claim "arising out of provisions of [our] workmen's compensation *254 law" but is an independent action, not barred by the overall scheme of our compensation laws.
In the course of determining the subrogation rights of a compensation insurer in United States Cas. Co. v. Hercules Powder Co., 4 N.J. 157 (1950), our Supreme Court took occasion to examine the overall scheme of the workmen's compensation legislation and had this to say about the injured party's claim against third persons:
There is retained for the benefit of the injured employee or his dependents the benefit of his common law action against such third party in which the application of the common law rule for the assessment of damages may result in the recovery of an amount in excess of the total amount of the compensation awarded according to the statutory formula prescribed by the act. [at 165]
A similar expression of the independent basis of the injured workman's claim against a third party was set forth by Judge Drewen in Belfatto v. Mass. Bonding and Ins. Co., 39 N.J. Super. 507 (Ch. Div. 1956). In that case he determined that a workman bringing an action against a third party does not require the approval of the compensation carrier in order to settle the pending litigation. In describing the nature of the employee's action he stated (at 512), "The common-law action sanctioned by the statute is an independent and substantive thing; * * *."
Finally, plaintiff contends that the Port Authority is barred from asserting the defense of qualified immunity by virtue of its failure to plead that in its answer. R. 4:5-4. It is not disputed that this defense was raised for the first time on this motion. The applicable rule has recently been set forth in Reale v. Wayne Tp., 132 N.J. Super. 100 (Law Div. 1975), where the court said:
In Jackson v. Hankinson, 94 N.J. Super. 505, 514 (App. Div. 1967), aff'd 51 N.J. 230 (1968), the court determined that under R.R. 4:8-3, the source rule of R. 4:5-4, the defense of qualified immunity of a municipality had to be specifically pleaded in order to avoid surprise, which purpose it identified as "the spirit of the rule." However, it went on to qualify this pleading requirement where *255 public policy compelled having the defense before the court and the other party was not prejudiced, citing Douglas v. Harris, 35 N.J. 270 (1961), as authority. [at 106]
In the instant case the court perceives no basis for denying the Port Authority the right to assert the legislatively mandated bar of N.J.S.A. 32:1-163. The prejudice to plaintiff is no greater today when it would have been on the day the action was brought against the Port Authority some 13 months after the accident. It was a viable defense then as it is now. No additional prejudice is visited upon plaintiff by permitting this late assertion of the defense.
Defendant's motion for summary judgment on the ground that the suit is barred by N.J.S.A. 32:1-163 is granted.