John David PITRONE, Appellant,

v.

Police Officer Louis J. MERCADANTE, Police Officer Thomas McMann, Police Captain Rowen Kelley, Warminster Township, Pennsylvania, Appellees.

No. 76–2593.

United States Court of Appeals, Third Circuit.

Argued Sept. 9, 1977.

Decided Feb. 21, 1978.

David Rudovsky, Kairys, Rudovsky & Maguigan, Philadelphia, Pa., National Emergency Civil Liberties Committee, Philadelphia, Pa., for appellant.

Peter P. Liebert, III, Mark D. Turetsky, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., Elliot M. Drexler, Warminster, Pa., for appellees.

Ralph J. Teti, Asst. City Sol., James M. Penny, Asst. City Sol., James M. Moran, Deputy City Sol., Sheldon L. Albert, City Sol., Philadelphia, Pa., for amicus curiae, City of Philadelphia.

Before SEITZ, Chief Judge and GIBBONS and WEIS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from a district court determination that a federal cause of action against a municipality may not be implied from the Fourteenth Amendment. The court also refused to hear the plaintiff's pendent state law claims against the municipality, believing that the decision of the Supreme Court in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), prevented the court from exercising its discretion to hear those pendent claims. After the district court had entered its order, we decided in *Gagliardi v. Flint*, 564 F.2d 112 (3d Cir. 1977), *petition for cert. filed*, 46 U.S.L.W. 3392 (U.S. Nov. 7, 1977) (No. 77–657), that pendent jurisdiction may properly be exercised in circumstances similar to this case. Accordingly, we remand to afford the district court an opportunity to reconsider its decision.

Plaintiff Pitrone alleged that he was unconstitutionally arrested, detained, and beaten by police officers employed by the Township of Warminster. He brought an action in the district court against the township alleging jurisdiction under 28 U.S.C. § 1343(3). Pendent state claims against the municipality and the officers were also asserted. The district judge held there was no cause of action against the township directly under the Fourteenth Amendment, then dismissed the pendent state claim, saying, "[s]ince there is no basis for the federal claims against the township, that case [*Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976)] makes it clear that I may not adjudicate any state law claims against it by treating the township as a 'pendent party.'" 420 F.Supp.

1384, 1391 (E.D.Pa.1976). The district court then granted certification under Fed.R. Civ.P. 54(b) on the question of the township's liability.

*Aldinger v. Howard, supra,* held "only that a city may not be joined as a pendent party to an action when there is no independent source of federal jurisdiction over" that party. *Gagliardi v. Flint,* 564 F.2d at 115 n.2. In *Aldinger, supra,* the plaintiff asserted a federal cause of action based on 42 U.S.C. § 1983 against a county and certain individual defendants. She asserted jurisdiction under 28 U.S.C. § 1343(3). The courts below rejected the § 1983 claim against the municipality as foreclosed by the decisions of the Supreme Court in *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), and *Moor v. Alameda County,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Plaintiff argued alternatively that the county could be joined as a pendent party on state law claims which arose from the same facts as those underlying the federal cause of action against the individual defendants. Because those federal claims against the individuals also rested on 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), the Supreme Court held that the congressional policy implicit in those statutes against municipal liability prevented the exercise of pendent jurisdiction over the county where no independent basis of federal jurisdiction over the municipality existed. *Aldinger v. Howard,* 427 U.S. at 16–19, 96 S.Ct. 2413.

By way of contrast in both *Gagliardi* and this case, an independent basis for federal jurisdiction does exist. In *Gagliardi,* as here, plaintiff asserted a cause of action directly under the Fourteenth Amendment, alleging jurisdiction under 28 U.S.C. § 1331. We held that the Fourteenth Amendment issue was a sufficiently substantial federal question to vest the court with jurisdiction under 28 U.S.C. § 1331.[1] Accordingly, *Gagliardi* approved the district court's exercise of its discretion to hear the pendent state

claims before deciding the federal constitutional question of the existence of a cause of action. *See Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Siler v. Louisville & Nashville Railroad,* 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909).

Similarly, in this case the plaintiff's assertion of a Fourteenth Amendment cause of action was enough to vest the district court with jurisdiction over the municipality.

Since an independent basis for federal jurisdiction existed, *Aldinger* is no barrier to hearing the pendent state claims. The district court therefore should be given an opportunity to exercise its discretion to hear the pendent state claims before deciding the federal constitutional issue. We note that the district judge did decide to exercise pendent jurisdiction over the state claims against the individual officers, and presumably the same evidence would be relevant to the pendent claims against the township as well.

The judgment of the district court will be vacated, and the case remanded to the district court for further consideration consistent with this opinion.

GIBBONS, Circuit Judge, concurring.

While I join the opinion of the court, I continue to subscribe fully to the views expressed in my concurring opinion in *Gagliardi v. Flint,* 564 F.2d 112, 117 (3d Cir. 1977), *petition for cert. filed,* 46 U.S.L.W. 3392 (U.S. Nov. 7, 1977). In *Gagliardi* I made three basic points. First, the case law of this circuit already establishes that, for suits against municipal corporations based on alleged fourteenth amendment violations by their agents, 28 U.S.C. § 1331 affords jurisdiction and the Federal Rules of Civil Procedure provide a law of remedies. Second, those prior decisions are both sound and entirely consistent with the existing pronouncements of the Supreme Court.

---

1. The fact that courts of appeal have differed in resolving the question demonstrates that the claim cannot be dismissed as insubstantial. *Compare, e. g., Kostka v. Hogg,* 560 F.2d 37

(1st Cir. 1977), *with Gentile v. Wallen,* 562 F.2d 193 (2d Cir. 1977), *and Owen v. City of Independence,* 560 F.2d 925 (8th Cir. 1977).

Third, when a pendent state law claim provides an available ground of decision, the preferred course, dictated by the policy announced in *Siler v. Louisville & Nashville R. R.,* 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909), is to decide the case on that ground.[1]

The course adopted both here and in *Gagliardi* will probably make it unnecessary for this court ever again to impose liability on municipalities directly under the fourteenth amendment. In two states in this circuit municipal corporations are already liable on a respondeat superior basis for the torts of their agents. *Jackson v. Hankinson,* 51 N.J. 230, 238 A.2d 685 (1968); *Ayala v. Philadelphia Bd. of Educ.,* 453 Pa. 584, 305 A.2d 877 (1973). The current state of the law in Delaware is not entirely clear. But in *Pajewski v. Perry,* 363 A.2d 429 (Del.1976), the Supreme Court of Delaware held that state sovereign immunity is waived if a state insurance program covers the particular risk which gave rise to the lawsuit. That decision, coupled with the court's discussion of municipal immunity as an aspect of sovereign immunity, may well point in Delaware toward the abolition of municipal immunity for torts committed by agents engaging in governmental activities, if, as is usually the case, there is insurance coverage. These sensible state law developments demonstrate that governmental entities employing agents whose activities may cause harm have no less obligation to assume the risk of such harm than do private persons or non-governmental business entities. It is equally sensible for federal courts, in the exercise of their pendent jurisdiction, to rely first on a state tort cause of action and state law respondeat superior liability of municipalities, rather than on a federal constitutional cause of action and a respondeat superior liability implied from the fourteenth amendment. Moreover, even if a particular plaintiff has failed to plead the state cause of action, he should be permitted to amend his complaint in order to incorporate such a theory. Only by such a liberal amendment practice will the policy enunciated in *Siler v. Louisville & Nashville*

*R. R.,* be served. At the same time, the availability of jurisdiction over municipal corporations under 28 U.S.C. § 1331 ensures that a litigant's choice of a federal forum for complaints against state governmental agents will be preserved without the necessity of a separate state-court action against the deep-pocket defendant.

Although the preferred course is to decide cases such as this on the basis of state tort law, cases may arise in the future where the governmental agent is not liable under state tort principles but is liable directly under the federal Constitution. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Whether such suits take place in state or federal forums, the fourteenth amendment and the federal cases interpreting it will measure the legality of the governmental agent's conduct. Even when 42 U.S.C. § 1983 or some other federal statute provides a remedy for a constitutional violation, it is the Constitution, not the statute, which measures the legality of the conduct. By virtue of the supremacy clause, that federal law *is* state law. But once the agent has been found liable for a constitutional violation, the state law imposing respondeat superior liability on the municipality must apply. When a state makes the decision to provide in its courts of general jurisdiction for a respondeat superior remedy against municipalities, it cannot discriminate in the application of that remedy simply because the conduct complained of is made illegal by federal law. *Cf. Testa v. Katt,* 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947); *Mondou v. New York, New Haven & Hartford R. R.,* 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327 (1912). Thus, in this circuit at least, the establishment of the agent's liability under the Constitution will necessarily establish the respondeat superior liability of his municipal employer.

The pendent jurisdiction rule permits the plaintiff to make the choice of a federal

---

1. At least one of my brothers obviously disagrees with each of these views. *See Mahone v.* *Waddle,* 564 F.2d 1018 (3d Cir. 1977) (Garth, J., concurring in part and dissenting in part).

forum afforded by federal statutory jurisdictional grants and, at the same time, avoids the necessity for separate lawsuits growing out of the same set of operative facts. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Hurn v. Oursler,* 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). In this case and in *Gagliardi* we have worked out an accommodation between state and federal law which accomplishes those purposes nicely. That accommodation can be seriously objected to only by those who believe the states erred in eliminating municipal immunity, by those who think litigants should be deprived of a choice of a federal forum in every possible instance, or by those who are hostile to the federally protected rights being asserted.