**Virginia STRICKLER and Richard Starner, a minor, by his natural parent and guardian, Virginia Strickler**

**v.**

**Nick GAZZANA, William H. Sleeger and the City of York, Pennsylvania.**

**No. 78–115 CIVIL.**

United States District Court,
M. D. Pennsylvania.

May 9, 1978.

Daniel M. Pell, York, Pa., for plaintiffs.

Donald B. Hoyt, Asst. City Sol., Robert H. Griffith, York, Pa., for defendants.

## MEMORANDUM

NEALON, Chief Judge.

Defendants in this civil rights action are identified in the complaint as the City of York, York's Chief Housing Inspector, and a York police officer. Defendants have moved to dismiss this action for failure to state a claim on the grounds (1) that the complaint lacks sufficient factual specificity; (2) that the injuries alleged are not cognizable in a civil rights action; (3) that there have been no deprivations of constitutional rights; (4) that the defendant housing inspector and the defendant police officer are immune from suit; and (5) that the City of York is not a person under the Civil Rights statute. Supporting and opposing

briefs have been submitted and the motion became ripe April 11, 1978, when defendants opted not to file a reply brief.

Plaintiffs are Virginia Strickler and her minor son. Permission to proceed in forma pauperis, with fees and costs advanced by the United States, has been granted.[1] Count I contains the allegations against the housing inspector and the police officer; monetary relief is sought pursuant to 42 U.S.C. § 1983 with jurisdiction under 28 U.S.C. § 1343. The allegations against the City of York are found in count II; again, monetary relief is sought, but pursuant to a direct constitutional cause of action under the First, Fourth, Fifth, and Fourteenth Amendments with jurisdiction asserted under the federal question statute, 28 U.S.C. § 1331. The complaint alleges that plaintiffs were awakened in their home at 11:45 P.M. when defendants housing inspector and police officer forcefully pushed open the rear door. These defendants first demanded that the plaintiffs produce receipts to show the payment of rent and utility bills. After proper receipts were produced, defendants withdrew, allegedly stating that they had thought plaintiffs' home was condemned. The complaint contains no allegations against the City other than those reciting the employment relationship the City had with the housing inspector and police officer. Plaintiffs seek compensatory and punitive damages for harm to their home, for mental distress, for violation of their right to privacy, and for violation of the right to be free from unlawful searches and seizures.[2]

■ Several of defendants' contentions may be quickly disposed of. The complaint contains factual allegations sufficient to indicate that the case is not frivolous or insubstantial. *See Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir. 1976). *See also* 28 U.S.C. § 1915(d); *Clark v. Zimmerman*, 394 F.Supp. 1166, 1177–78 (M.D. Pa.1975). Plaintiffs have alleged loss of property, deprivation of the right of priva-

---

1. Their counsel is privately retained.

2. Only count II contains an express fourth amendment search and seizure claim.

cy, and an unreasonable search of their home, and these are constitutionally protected interests, cognizable in a civil rights action. In addition, the housing inspector and the police officer are not immune from suit here, although they may assert a defense of good faith. *See Scheur v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Skehan v. Board of Trustees of Bloomsburg State College,* 538 F.2d 53 (3d Cir.), *cert. denied,* 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 588 (1976).

■ Finally, defendants move to dismiss the City of York on the ground that it is not a "person" under § 1983. This proposition is, of course, correct. Plaintiffs have, however, brought suit against the City not pursuant to § 1983 but rather pursuant to a direct constitutional cause of action under § 1331. As defendants recognize, my decision in *Fox v. Castle,* 441 F.Supp. 411 (M.D. Pa.1977), indicates that causes of action may be stated directly under the constitution against municipalities.[3] Consequently, defendants argue in their supporting brief that the complaint contains insufficient allegations against the City because the asserted liability rests solely on the doctrine of respondeat superior—vicarious liability for the actions of the City's housing inspector and police officer.[4]

■ I agree that the complaint's allegations regarding the City of York are inadequate, and plaintiffs will be given an opportunity to amend count II.[5] While there is contrary authority,[6] it is inappropriate to apply the doctrine of respondeat superior against a municipality in a direct constitutional action under § 1331 jurisdiction. *See Jones v. McElroy,* 429 F.Supp. 848, 861–64 & nn. 35 & 36 (E.D.Pa.1977). Concern about the assertion of vicarious liability against municipalities led to the broad statutory exemption of municipalities in § 1983 and counsels caution in imposing a similar kind of liability in direct constitutional actions. *See Adekalu v. New York City,* 431 F.Supp. 812, 820 (S.D.N.Y.1977); *Behan v. City of Dover,* 419 F.Supp. 562 (D.Del.1976).[7] Liability under § 1331 should not be imposed in the absence of a strong showing that the violation of constitutional rights occurred, for example, as a result of the application of a municipal ordinance, the adoption of a policy by high municipal officials, or perhaps the acquiescence by such officials in the acts of subordinates. *See Riley v. City of Minneapolis,* 436 F.Supp. 954, 957 (D.Minn.1977); *Adekalu,* 431 F.Supp. at 819–20.[8] The mere existence of an employment relationship is insufficient to justify municipal liability. *See Adekalu,* 431 F.Supp. at 819–20.[9]

3. The Court of Appeals for the Third Circuit has not decided this issue. *See Gagliardi v. Flint,* 564 F.2d 112, 115 n.3 (3d Cir. 1977); *Pitrone v. Mercadante,* 572 F.2d 98 (3d Cir. 1978).

4. Defendants also argue that the City may not be held liable for damages under any circumstances, but this argument is foreclosed by the *Fox* decision. Plaintiffs have limited the discussion in their brief to the ground asserted in the motion (whether the City is a person), and have apparently chosen not to address the respondeat superior issue.

5. After incorporating by reference the allegations of count I against the housing inspector and the police officer, the complaint alleges merely that these persons "were employees of the City . . . , and were acting within the scope of their employment . . . , and were acting in pursuit of the interests of their employer . . . ."

6. *See Culp v. Devlin,* 437 F.Supp. 20, 23–24 (E.D.Pa.1977); *Santiago v. City of Philadelphia,*

435 F.Supp. 136, 147–49 (E.D.Pa.1977); *Sanabria v. Village of Monticello,* 424 F.Supp. 402, 410 & n.17 (S.D.N.Y.1976). *See also* Note, Damage Remedies Against Municipalities For Constitutional Violations, 89 Harv.L.Rev. 922, 952–55 (1976).

7. *Cf.* Note, Municipal Liability in Damages for Violations of Constitutional Rights—Fashioning a Cause of Action Directly From the Constitution, 8 Conn.L.Rev. 552, 577 (1975) (proposing discretionary use of abstention).

8. As to the latter proposition, a very high standard of "acquiescence" would be required. *See Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

9. In *Fox,* where I first recognized a constitutional cause of action, it is worth noting that the municipalities were ultimately dismissed from the action when at trial no evidence was adduced showing any involvement beyond the mere employment of individual defendants.

Plaintiffs will be given 20 days to file an amended complaint with allegations in court II sufficient to state a cause of action against the City of York. If an amended complaint is not filed, the City will be dismissed from the action and the case will proceed with the remaining defendants. All defendants will be granted a period of 10 days within which to answer or otherwise plead, with this period commencing either on the day the amended complaint is served or when an order is filed dismissing the City from this action, whichever occurs first.

tion, Joseph G. Barkan, Individually and as a member of the Board of Education, Robert Christen, Individually and as a member of the Board of Education, Amelia Ashe, Individually and as a member of the Board of Education and Isaiah Robinson, Individually and as a member of the Board of Education, Defendants.

No. 77 Civ. 2193 (JMC).

United States District Court,
S. D. New York.

May 10, 1978.

The jury found for plaintiff; the remaining defendant has filed post-trial motions.

It is interesting to speculate on the practical significance respondeat superior would have were that doctrine to be applied. In *Gambling v. Cornish*, 426 F.Supp. 1153 (N.D.Ill.1977), the

doctrine was invoked against a municipality, but the employees were found to have acted beyond the scope of their employment, and the municipality, consequently, was not liable. The net result in these cases may often be the same.