163 N.J. Super. 83 (1978)
394 A.2d 172
ANTOINETTE MATTHEWS, PLAINTIFF,
v.
PORT OF NEW YORK AUTHORITY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided September 26, 1978.
*84 Mr. Albert A. Sann for plaintiff.
Mr. Herbert Ouida for defendant (Mr. Francis A. Mulhern, attorney).
*85 BILDER, J.S.C.
This is a motion by defendant Port Authority of New York and New Jersey (Port Authority) to dismiss a personal injury action on the ground plaintiff has failed to commence the action within one year from the accrual of the cause of action, as required by N.J.S.A. 32:1-163.
Plaintiff alleges she was injured on August 3, 1976 when she fell on an escalator located in a Port Authority facility  the Journal Square PATH station. Suit was instituted on July 7, 1978, almost two years after the accident.
N.J.S.A. 32:1-163 provides as follows:
The foregoing consent is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the Port Authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced. The provisions of this section shall not apply to claims arising out of provisions of any workmen's compensation law of either State.
By this statute New York and New Jersey have, within the limits set forth, waived the sovereign immunity with which the Port Authority would otherwise be cloaked. As an act in derogation of the common law, these requirements must be strictly construed as conditions precedent to the bringing of suit. See Wood v. Dic/Underhill, 136 N.J. Super. 249, 252 (Law Div. 1975) aff'd o.b. 144 N.J. Super. 364 (App. Div. 1976), certif. den. 73 N.J. 65 (1977). Unlike a statute of limitations, the requirements are jurisdictional. See Pinckney v. Jersey City, 140 N.J. Super. 96, 100-103 (Law Div. 1976).
The action in the instant case accrued at the time of the accident  August 3, 1976. Tortorello v. Reinfeld, 6 N.J. 58, 65 (1950). Plaintiff's failure to commence the action within the time limitations of the legislatively mandated condition would act as a bar to the action.
*86 Plaintiff admits that the suit was not instituted within one year after the accrual of the cause of action but contends that her infancy saves the claim by virtue of the provisions of N.J.S.A. 32:1-164.
N.J.S.A. 32:1-164 insofar as relevant reads as follows:
"* * * Where the claimant is an infant or is mentally or physically incapacitated and by reason of such disability no notice of claim is filed or suit, action or proceeding commenced within the time specified in section seven hereof [N.J.S.A. 32:1-163] * * * then any court in which such suit, action or proceeding may be brought may in its discretion grant leave to serve the notice of claim and to commence the suit, action or proceeding within a reasonable time but in any event within three years after the cause of action accrued. Application for such leave must be made upon an affidavit showing the particular facts which caused the delay and shall be accompanied by a copy of the proposed notice of claim if such notice has not been served, and such application shall be made only upon notice to the Port Authority."
By affidavit in opposition to the motion to dismiss, plaintiff's attorney has alleged that plaintiff was 16 years old at the time of the accident and that he has been unable to obtain the medical reports of the treating doctor, even to the date of the affidavit. These factors, he concludes, entitles his client to the discretionary relief provided for in N.J.S.A. 32:1-164. It should be noted that the same affidavit acknowledges that plaintiff's attorney wrote to the Port Authority about the claim August 6, 1976 and that notice of claim was given by the attorney on September 9, 1976, slightly over a month after the happening of the accident.
While the application for leave to commence suit after one year is procedurally irregular, it is not substantively deficient in that the elements required by the statute have been complied with including notice to the Port Authority. This court entertains no doubt of its power to treat the respondent's affidavit as an application for leave to commence suit after one year as provided for in N.J.S.A. 32:1-164. See R. 1:1-2. Such treatment, however, affords the plaintiff *87 little relief because the incapacity, that is to say the infancy, upon which plaintiff relies cannot be found to be the reason the action was not commenced within one year. The statute specifically limits the relief to situations where the disability is the reason for the delay. As noted, plaintiff was represented almost immediately  her attorney sent an informal claim letter to the Port Authority three days after the accident. The failure to commence the action within the time limited in the act was attributable solely to attorney neglect or mistake.
Defendant's motion to dismiss the complaint on the ground the suit is barred by N.J.S.A. 32:1-163 is granted.