Michael LaROCCO, an infant by his parent and natural guardian, Josephine LaRocco, and Josephine LaRocco, Individually, Plaintiffs,

v.

CITY OF NEW YORK, State of New York, Police Department of the City of New York, State of New York, New York City Police Officer Walter Smith, County of Nassau, State of New York, Nassau County Medical Center, State of New York, Police Department of the County of Nassau, Detectives "John Doe" and "Richard Roe" said names being fictitious and presently unknown, Defendants.

No. 78 C 1526.

United States District Court, E. D. New York.

March 15, 1979.

John L. Juliano, East Northport, N.Y., for plaintiffs.

Edward G. McCabe, County Atty., Nassau County, Mineola, N.Y., Allen G. Schwartz, Corp. Counsel, New York City, for defendants.

## MEMORANDUM AND ORDER

PRATT, District Judge.

Plaintiffs commenced this civil rights action pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages in connection with the alleged false arrest and imprisonment of, and assault on, plaintiff Michael LaRocco. LaRocco was arrested in Nassau County for unlawful operation of an automobile by defendant Walter Smith, a New York City police officer who was off duty at the time. During the arrest, Smith allegedly shot and wounded LaRocco, who was subsequently taken to the Nassau County Medical Center for treatment of his injuries; by the two unknown Nassau County police officers named as defendants here. Defendants New York City and Nassau County now move to dismiss the complaint as against them, relying on *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## NEW YORK CITY'S MOTION

Since the city's motion is based on undisputed facts and on material outside of the complaint, it shall be treated as a motion of summary judgment. The first cause of action in the amended complaint, filed January 3, 1979, charges all the defendants except Nassau County with depriving Michael LaRocco of his constitutional rights in violation of § 1983. The remaining causes of action against the city are pendent claims, alleging false arrest, assault and battery, prima facie tort due to the denial of proper medical care, and loss of services and companionship.

In *Monell*, the Supreme Court held that under limited circumstances, a local government could be held liable for damages under § 1983:

> Local governing bodies * * * can be sued directly under § 1983 for monetary, declaratory or injunctive relief where

* * * the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, * * * local governments * * * may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels. *Id.*, 98 S.Ct. at 2035–36.

■ Plaintiffs assert that the constitutional deprivations alleged in the first cause of action here, stemmed from the city's policy, regulation, or custom requiring its police officers to carry a weapon at all times and to intervene in any disturbance of the peace, whether they are "on" or "off" duty. The city argues that the relevant policy or regulation applies only when its police officers are within New York City:

1. Be armed at all times when in the city of New York, unless otherwise directed, with:

    A. Service revolver.

    B. Off duty revolver * * *. New York City Police Department Patrol Guide, Section 105–1, subheading "Equipment Firearms" (as amended July 18, 1977).

Although Smith is a New York City police officer, the incident took place in Nassau County, where, under the New York City police regulation, Smith was not obliged to be armed. By no stretch of the imagination, therefore, could Smith's shooting of Michael LaRocco be viewed as implementing or executing a policy statement or regulation officially adopted by the city.

Plaintiffs also argue that even if it is not an officially adopted city policy or regulation for its officers to be armed while off duty outside the city, it is at least a customary requirement. Under *Monell*, however, it is clear that the policy or custom itself must be the cause of the constitutional deprivation:

* * * a local government may not be sued for an injury inflicted solely by its employees or agents. Instead, *it is when execution of a government's policy or custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, *inflicts the injury* that the government as an entity is responsible under section 1983. *Id.*, 98 S.Ct. at 2038 (emphasis added).

The custom for city police officers to carry their guns while off duty and outside the city, assuming it to exist, is at best facially neutral. Clearly, it was not execution of the custom, but Smith's possible abuse of the privilege, that inflicted the injury here. Thus, the city as an entity is not responsible under § 1983.

To accept plaintiff's argument would be tantamount to holding the city vicariously liable for a tortious act of its employee, a result the Supreme Court in *Monell* expressly declined to permit:

* * * the * * * language [of § 1983] plainly imposes liability on a government that, under color of some official policy, "causes" an employee to violate another's constitutional rights. At the same time, that language cannot be easily read to impose liability vicariously on governing bodies solely on the basis of an employer-employee relationship with a tortfeasor. *Id.*, 98 S.Ct. at 2036.

The court concluded that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* (emphasis in original).

■ In short, neither a policy nor custom of the city caused the alleged constitutional deprivation; nor would the proper implementation or execution of such policy or custom inflict injury in violation of the constitution. To the extent that plaintiffs' claims here are based upon Smith's abuse of such policy or custom, the city as a governmental entity cannot be held liable, because *respondeat superior* is not a permissible predicate for municipal liability under § 1983. Therefore, as to the city, the first cause of action must be dismissed.

■ Since there is no other independent basis for federal jurisdiction over the city, the pendent state law claims asserted against the city must also be dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); see also *Aldinger v. Howard*, 427 U.S. 1, 14–17, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).

### COUNTY OF NASSAU'S MOTION

■ The fourth cause of action in the amended complaint alleges a pendent state law claim of *prima facie* tort against the county and the two county police officers, stemming from their disregard of Michael LaRocco's medical condition and personal injuries at the time of the incident, and denial of proper medical care and treatment. No claim is asserted against the county on the basis of 42 U.S.C. § 1983. There is thus no independent basis for federal jurisdiction over the county. In effect, this renders the county a "pendent party" to the claim against its police officers. Since the court cannot exercise jurisdiction over such a "pendent party", *Aldinger v. Howard, supra*, 424 U.S. at 14–17, 96 S.Ct. 2413, the complaint must be dismissed as to the county.

### THE AMENDED COMPLAINT

By letter dated March 1, 1979 addressed to plaintiff's counsel, a copy of which was provided to the court, the Deputy Nassau County Attorney disclosed the names of the two county police officers named in the complaint, but whose identities were previously unknown. Plaintiffs are, therefore, directed to serve and file a second amended complaint within ten days of receipt of this order, substituting these officers for the fictitious ones originally named as defendants, and removing the City of New York and County of Nassau as defendants.

At the oral argument of the foregoing motions on February 21, 1979, counsel for the city questioned the service on defendant Smith. The marshal's affidavit of service indicates that the summons and complaint were served on the New York City Police Department at its headquarters in Manhattan; service was accepted by an officer Teddy Cohen. The city argues, however, that Smith himself was never properly served. Counsel has advised the court that the usual procedure for serving individual police officers is to effect service at their precincts, which are considered to be their places of business. The city apparently has no procedure for handling service on individual police officers through its main headquarters. We are told that Officer Smith is based at the 114th Precinct in Queens County. Accordingly, plaintiff is directed to serve a copy of the summons and second amended complaint on Smith within ten days by delivering them to the desk officer at the 114th Precinct. Service may be by any person authorized by New York State or federal law to effect service. Smith shall have 20 days from the date of service in which to answer the complaint.

All counsel are directed to appear before the undersigned for a status conference at the Long Island courthouse on April 10, 1979 at 9:00 a. m.

SO ORDERED.