Joseph LOCUST

v.

Thomas DEGIOVANNI, John Doe, Joseph O'Neill, Frank L. Rizzo, and the City of Philadelphia.

Civ. A. No. 79–1605.

United States District Court, E. D. Pennsylvania.

March 13, 1980.

---

Colie B. Chappelle, Philadelphia, Pa., for plaintiff.

Gerald T. Clark, Asst. City Sol., Philadelphia, Pa., for defendants.

## OPINION

EDWARD R. BECKER, District Judge.

This is a civil rights action which arises out of an alleged false arrest and assault. Plaintiff brought suit against two police officers (one unnamed), the Police Commissioner (O'Neill), the Mayor (Rizzo), and the City of Philadelphia, alleging causes of action under 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1986, and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments, with jurisdiction based on 28 U.S.C. §§ 1331 and 1343. Defendants O'Neill, Rizzo, and the City of Philadelphia have moved to dismiss the complaint for failure to state a claim upon which relief may be granted.

As presently drafted, plaintiff's complaint fails to state a cause of action against the moving defendants under 42 U.S.C. § 1983. He has failed to allege any governmental policy or custom which would give rise to municipal liability under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Similarly, he has failed to allege a causal connection between plans or policies endorsed by O'Neill and Rizzo and the police officers' alleged unconstitutional activities in order to give rise to their liability for supervisory inaction in the wake of *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).[1]

---

1. Plaintiff also alleged statutory causes of action under 42 U.S.C. §§ 1985, 1986, and 1988, but those sections provide him with no succor. As to § 1985, he has failed to allege any racial or other class-based animus as required by *Griffin v. Breckenridge,* 403 U.S. 88, 105, 91 S.Ct. 1790, 1800, 29 L.Ed.2d 338 (1971). Sections 1986 and 1988 provide no independent jurisdiction.

■ Plaintiff's attempt to assert a direct cause of action under the Constitution pursuant to 28 U.S.C. § 1331, the general federal question jurisdiction, as a *Bivens*-type action, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), is equally unavailing. Even before *Monell*, we held in *Crosley v. Davis*, 426 F.Supp. 389 (E.D.Pa.1977), that no direct remedy against municipalities could be implied under the Fourteenth Amendment for actions of police officers.[2] While the Third Circuit has never decided that question, *Monell* now makes the answer even plainer. Judges Luongo and Pollak have both held that *Monell*, by providing a previously unavailable remedy against municipalities, is now the exclusive vehicle for such a damage remedy. *See Kedra v. City of Philadelphia*, 454 F.Supp. 652 (E.D. Pa.1978); *Jones v. City of Philadelphia*, 481 F.Supp. 1053 (E.D.Pa.1979). We agree with their analysis, and conclude that it is clear that there is no direct Fourteenth Amendment action against municipalities.

■ Having determined that it is clear that there is no federal question jurisdiction, we find it unnecessary to consider the implications of *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), *Pitrone v. Mercadante*, 572 F.2d 98 (3d Cir.) *cert. denied*, 439 U.S. 827, 99 S.Ct. 99, 58 L.Ed.2d 120 (1978), and *Gagliardi v. Flint*, 564 F.2d 112 (3d Cir. 1977), *cert. denied*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978). *Hagans* held that a federal court may take jurisdiction over pendent state law claims in order to avoid decision on a difficult constitutional question, so long as the complaint pleaded a constitutional question substantial enough to support federal jurisdiction. Following *Hagans*, the Third Circuit in *Pitrone* and *Gagliardi*, both pre-*Monell*, held that a federal court should accept jurisdiction over pendent state claims to avoid deciding precisely the question which is at issue here: whether a *Bivens* action is cognizable against a munici-

pality. Because, as discussed above, we believe that after *Monell* the answer to that question is clear, there is no federal question in this case substantial enough to support federal jurisdiction, and thus no federal question to which the state law claims may be appended. Moreover, parties as to whom there is no federal question may not be brought into the action as pendent parties. *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 46 L.Ed.2d 276 (1976).

Thus, unless plaintiff can amend his complaint so that it states a cause of action, the complaint must be dismissed as to the moving defendants.

---

2. We note that, while plaintiff has pled causes of action under the First, Fourth, Fifth, and Fourteenth Amendments, all such claims must be subsumed under the umbrella of the Four- teenth Amendment, for the First, Fourth, and Fifth Amendments are applicable to the states only through the Due Process Clause of the Fourteenth.