Harry McCAW, III

v.

Thomas G. FRAME, John Cloud, John Hardy and the County of Chester, Pa.

Civ. A. No. 80–1783.

United States District Court, E. D. Pennsylvania.

Oct. 24, 1980.

Henry T. Crocker, Pottstown, Pa., for plaintiff.

John S. Halsted, Sol., Paula D. Francisco, Asst. County Sol., West Chester, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

This is a civil rights action. Plaintiff was arrested for robbery and jailed in the Chester County Farms Prison under the supervision of the individual defendants. On March 30, 1979, he was assaulted and raped in his cell. Plaintiff alleges that the defendants acted with deliberate indifference to his mental condition and inability to defend himself when they placed him in the same cell with one Thomas, a known homosexual rapist. Plaintiff brought suit against the warden, two deputy wardens and the County of Chester, alleging causes of action under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986. Plaintiff also pleaded pendent state conspiracy, gross negligence and negligence claims. Defendants have moved to dismiss under Fed.R.Civ.P. 12(b)(6).

■ I have ordered dismissal of the §§ 1981 and 1985(3) claims because plaintiff did not plead any racial or other class–based animus. *See, e. g., Bethel v. Jendoco Constr. Corp.,* 570 F.2d 1168 (3d Cir. 1978)

(§ 1985(3)); *Locust v. Degiovanni,* 485 F.Supp. 551, 552 n.1 (E.D.Pa.1980) (Becker, J.) (§ 1985(3)); *Stewart v. New York Univ.,* 430 F.Supp. 1305 (S.D.N.Y.1976) (§ 1981); *Cubas v. Rapid Am. Corp.,* 420 F.Supp. 663 (E.D.Pa.1976) (Newcomer, J.) (§ 1981). Consequently, I have also ordered dismissal of the § 1986 claim. *See, e. g., Hahn v. Sargent,* 523 F.2d 461, 469–70 (1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *Locust v. Degiovanni,* 485 F.Supp. at 552 n.1; *DeFrank v. Pawlosky,* 480 F.Supp. 115, 118 n.9 (W.D. Pa.1979). The complaint also fails to state a cause of action against Chester County under § 1983, because plaintiff has not alleged any governmental custom or policy which would give rise to local government liability under *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). On the other hand, plaintiff has successfully pleaded a valid § 1983 action against the individual defendants. The pendent state–law claims against the individual defendants arise out of the same operative facts and therefore federal jurisdiction is proper under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ This leaves Chester County's motion to dismiss the pendent state law claims. Because I have dismissed all of plaintiff's federal civil rights claims against Chester County there is no independent basis for federal jurisdiction over the county; it is therefore a "pendent party" in this action. Before I can hear the state–law claims, I must decide if I can exercise ancillary jurisdiction, "a subtle and complex question." *Moor v. County of Alameda,* 411 U.S. 693, 713–15, 93 S.Ct. 1785, 1797–99, 36 L.Ed.2d 596 (1975). *See generally* C. A. Wright, The Law of Federal Courts 76–77 (3d ed. 1976). Under identical operative facts, *Aldinger v. Howard,* 427 U.S. 1, 17, 96 S.Ct. 2413, 2421, 49 L.Ed.2d 276 (1976) held that a federal district court does not have the statutory jurisdiction to join a municipal corporation for purposes of asserting a state–law claim not otherwise within federal jurisdiction.

However, *Aldinger* pre–dated *Monell*. Although some recent cases have followed the *Aldinger* holding without discussing the implications of *Monell, e. g., Feldman v. City of New York*, 493 F.Supp. 537 (S.D.N. Y.1980); *Locust v. Degiovanni, supra; LaRocco v. City of New York*, 468 F.Supp. 218 (E.D.N.Y.1979), I agree with Chief Judge Pettine's statement that "[t]he effect of *Monell* upon the *Aldinger* precedent is a .difficult and unanswered question." *Leite v. City of Providence*, 463 F.Supp. 585 (D.R. I.1978).

*Aldinger* based its holding on "the refusal of Congress to authorize suits against municipal corporations under the cognate provisions of § 1983 . . . ." *Aldinger*, 427 U.S. at 17 n.12, 96 S.Ct. at 2422 n.12, 49 L.Ed.2d 276.

> Parties such as counties, whom Congress *excluded* from liability in § 1983, and therefore by reference in the grant of jurisdiction under § 1343(3), can argue with a great deal of force that the scope of that "civil action" over which the district courts have been given statutory jurisdiction should not be so broadly read as to bring them back within that power merely because the facts also give rise to an ordinary civil action against them under state law.

*Id.* at 17, 96 S.Ct. at 2421 (emphasis in original). Under present law, however, it may no longer be necessary to bring counties "back" within federal court jurisdiction, for *Monell* overruled *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) insofar as *Monroe* held that local governments are wholly immune from suit under § 1983. Therefore to confer federal jurisdiction over counties does not require in every civil rights case that this court "fashion a jurisdictional doctrine under the general language of Art. III." *Aldinger*, 427 U.S. at 16, 96 S.Ct. at 2421, 49 L.Ed.2d 276. Thus, the "serious obstacle [of *Monroe v. Pape*] to the exercise of pendent jurisdiction," *id.* at 18, 96 S.Ct. at 2422, *may* have

been removed. Whether it *has* been removed, under the present facts, depends "upon the deductions which may be drawn from congressional statutes as to whether Congress wanted to grant this sort of federal jurisdiction to federal courts." *Id.* at 16–17, 96 S.Ct. at 2421–22.

Although *Monell* overruled *Monroe v. Pape*, it is important to note that "the touchstone of the § 1983 action against a government body [after *Monell*] is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution." *Monell*, 436 U.S. at 690, 98 S.Ct. at 2035, 56 L.Ed.2d 611. Municipal liability arises, then, only in limited circumstances under § 1983. *Id.; see id.* at 691, 98 S.Ct. at 2036 (no *respondeat superior* liability). Absent such circumstances, Congress's intent to exclude the county "from liability in § 1983 [likewise reflects an intent to exclude the county] in the grant of jurisdiction under § 1343(3)." *Aldinger*, 427 U.S. at 17, 96 S.Ct. at 2421, 49 L.Ed.2d 276. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 n.12, 98 S.Ct. 2396, 2402 n.12, 57 L.Ed.2d 274 (1978) (affirming the *Aldinger* holding that jurisdictional questions are "statutory as well as constitutional"). Thus, notwithstanding *Monell*, in this case the *Aldinger* holding remains an obstacle to pendent party jurisdiction, for the basis of *Aldinger*–the refusal of Congress to authorize suits against municipalities–is applicable under the present facts.[1] In short, *Monroe v. Pape* has not been completely eviscerated.

Were I to hold otherwise, *Monell* would be undermined, for a plaintiff could always append pendent party state–law claims to his § 1983 claims against individual defendants and thereby cause counties to be "haled" back into federal court. Such a request would be contrary to Congress's "intention." "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by

---

1. I need not decide whether a Fed.R.Civ.P. 56 dismissal of a *Monell* claim against a county

similarly precludes pendent party jurisdiction.

Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. at 374, 98 S.Ct. at 2403, 57 L.Ed.2d 274. To permit federal jurisdiction over Chester County would indeed evade Congress's intent to limit the jurisdiction of this court. I will therefore dismiss plaintiff's pendent state law claims against Chester County.