Carl R. EKLUND, Plaintiff,

v.

Phillip HARDIMAN, et al., Defendants.

No. 81 C 3135.

United States District Court,
N. D. Illinois, E. D.

Nov. 9, 1981.

942

William S. Wigoda, Wigoda & Wigoda, Chicago, Ill., for plaintiff.

David A. Schlanger, Asst. State's Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Carl Eklund ("Eklund") has now filed his Second Amended Complaint (the "Complaint") to cure the earlier inadvertent partial omission of County of Cook as a defendant. County of Cook is now named under Complaint Count III (as owner and operator of Cook County Hospital) as well as Count II (as owner and operator of Cook County Jail through its Department of Corrections). County of Cook has moved to dismiss Counts II and III. For the reasons stated in this memorandum opinion and order that motion is granted.

■ County of Cook's initial contention is one regularly encountered by federal judges throughout the country: Local governing bodies cannot be sued under 42 U.S.C. § 1983 ("Section 1983") on respondeat superior notions. Instead the complained-of activity by the public body's employee or agent must implement or execute a "policy" or "custom" of the entity itself. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). Eklund has not made any such allegation[1] and Eklund's counsel concedes that a Section 1983 action will not lie.[2]

1. Allegations of that nature, if proved groundless, are not without risk. See this Court's opinion in *Reineman v. Valley View Community School District No. 365–U,* 527 F.Supp. 661 (N.D.Ill.1981) and cases there cited.

2. Discussion of both the pleading and the evidentiary tests in *Turpin v. Mailet,* 619 F.2d 196,

What Eklund then relies on in Count II appears to be a claimed constitutional tort of the type exemplified in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Eklund recites a harrowing litany of mistreatment that, if true, can certainly ground an action for medical malpractice and neglect by government officials. But as to County of Cook itself Count II asserts only respondeat superior notions (Paragraph 5) and *violations* of the applicable standards of County's Department of Corrections (hardly a claim of "custom" or "usage"). Thus the critical question is whether a local government that could not be reached under Section 1983 for *Monell* reasons is vulnerable under *Bivens.*[3]

Eklund advances no authority for that proposition. County of Cook refers to the per curiam en banc decision of the Court of Appeals for the Second Circuit in *Turpin v. Mailet,* 591 F.2d 426, 427 (2d Cir. 1979), which held that suits cannot lie against municipalities under the Fourteenth Amendment. It did so because its prior holding in that case had been predicated on the *unavailability* of such actions under Section 1983, the doctrine of *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) that was subsequently overruled by *Monell.* As the Second Circuit said:

The *Monell* decision does not call into question *Turpin's* central thesis that federal courts have the power—and the obligation—under the general federal question jurisdiction to create remedies to redress constitutional grievances. See 579 F.2d [152] at 157–60. An important element in our decision to imply a damages remedy against municipalities under the 14th Amendment, however, was that Congress had not supplied a vehicle by which the right in question could be vindicated. *Id.* at 157.

200–04 (2d Cir. 1980) is particularly instructive here.

3. As discussed later in this opinion, Count III advances a common-law medical malpractice charge. Absent federal jurisdictional grounds, it must rest on pendent jurisdiction or it fails entirely.

*Monell* held that § 1983 suits may be brought against municipalities under conditions essentially coextensive with those we imposed on the private right of action in *Turpin.* We therefore conclude that—under the very rationale of our prior opinion—there is no place for a cause of action against a municipality directly under the 14th Amendment, because the plaintiff may proceed against the City of West Haven under § 1983.

Accord (among numerous other cases) *Owen v. City of Independence,* 589 F.2d 335, 337 (8th Cir. 1978), *rev'd on other grounds,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Locust v. DeGiovanni,* 485 F.Supp. 551 (E.D.Pa.1980).

█ This Court need not reach that question, on which four of the nine Second Circuit judges did not concur in the majority opinion. It is enough to hold—and this Court does—that *if* a *Bivens*-type action were to be recognized it must include the same type of "custom" or "policy" showing that would be necessary to ground a Section 1983 action under *Monell.* That may be viewed as just another way of reaching the identical result. But the alternative of permitting the policy that generated *Monell* to be subverted in such a large category of cases barred from Section 1983 assertion—the claimed constitutional violation by the public employee acting on his or her own rather than to carry out a "policy" or "custom" of the governmental entity—is impermissible. *Jones v. City of Philadelphia,* 481 F.Supp. 1053, 1056 (E.D.Pa.1979).

█ With Count II thus eliminated, what remains of the Complaint is Count I against Hardiman alone and Count III against County of Cook on state law grounds only. That stretch of pendent jurisdiction will not be permitted by this Court under *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966). Although the *jurisdictional* underpinning of *Aldinger v. Howard,* 427 U.S. 1, 16–18, 96 S.Ct. 2413, 2421–22, 49 L.Ed.2d 276 (1976) has been removed by *Monell,* it remains true that pendent *party* jurisdiction is more attenuated than pendent *claim* jurisdiction against a party already subject to this Court's power on a federal cause of action.

There is a different gravamen for plaintiff's medical malpractice action against County of Cook from that supporting his Section 1983 action against Hardiman. See *Gibbs,* 383 U.S. at 727, 86 S.Ct. at 1139. For that and other jurisprudential reasons, this Court exercises its discretion, as confirmed by *Gibbs,* against the inclusion of a separate party (County of Cook) and a separate state claim (medical malpractice) in this action based on a federal claim solely against Hardiman.

Accordingly Counts II and III are dismissed, and County of Cook is dismissed from this action as a defendant. Eklund's Complaint remains as a one-count action against Hardiman.