LAMAR HADDOX CONTRACTOR, INC.

v.

R.B. POTASHNICK and Aetna Casualty & Surety Company

v.

LOOP, INC. and McClelland Engineers, Inc.

Civ. A. No. 81–241–A.

United States District Court, M.D. Louisiana.

Dec. 1, 1982.

Eric A. Kracht, W.P. Wray, Wrap, Robinson & Kracht, Baton Rouge, La., for plaintiff.

Victor E. Stillwell, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., for R.B. Potashnick & Aetna Cas. & Sur. Co.

Ernest L. Jones, Harvey, La., for Loop, Inc. & McClelland Engineers, Inc.

Mack E. Barham, Ralph S. Hubbard, III (T.A.), Barham & Churchill, New Orleans, La., for Loop, Inc.

**JOHN V. PARKER**, Chief Judge.

█ Plaintiff, Lamar Haddox Contractor, Inc., a corporate citizen of Louisiana, brought this action against R.B. Potashnick, a citizen of Missouri, and Aetna Casualty and Surety Company, a Connecticut citizen, in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. Potashnick and Aetna removed the action to this court upon the basis of diversity jurisdiction, 28 U.S.C. § 1332. Subsequent to removal, Potashnick asserted a counterclaim against Haddox and filed a third party demand against Loop, Inc. and McClelland Engineers, Inc. On November 19, 1981, Haddox filed an amended and supplemental complaint, naming Loop and McClelland, the third party defendants, as additional defendants. Although unnoticed at the time, Loop is a corporate citizen of Louisiana and its presence in the suit destroys diversity of citizenship between plaintiff and all defendants.

After Haddox amended its complaint to include Loop, it was brought to the court's attention that Loop's citizenship is nondiverse to that of plaintiff. Since diversity of citizenship, was the basis for removal, the court sua sponte requested all parties to submit briefs on the issue of subject matter jurisdiction.

All parties agree that Haddox is a Louisiana corporation and that Loop is a Delaware corporation with its principal place of business in Louisiana. For diversity purposes, a corporation "shall be deemed a citizen of any state by which it has been incorporated and the state where it has its principal place of business." 28 U.S.C. § 1332(c).

Both Haddox and Potashnick argue that the court should entertain Haddox's claim against Loop under ancillary jurisdiction. Failing that, they suggest that Loop is an indispensable party.

█ Because federal courts are courts of limited jurisdiction, the court must, before accepting jurisdiction, satisfy itself not only that Article III of the Constitution permits it, but that the Congress has not negated it. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Under Rule 14, Fed.R.Civ.P., where there is diversity between the plaintiff and the defendant, the defendant may implead a third party defendant of the same citizenship as plaintiff, *Fawvor v. Texaco, Inc.,* 546 F.2d 636 (5th Cir.1977). While Rule 14 also authorizes the plaintiff to assert any claim against a third party defendant which arises out of the subject matter of the main demand, the Federal Rules of Civil Procedure do not create or withdraw jurisdiction and complete diversity is required between plaintiff and all defendants. 28 U.S.C. § 1332. Accordingly, the plaintiff may not sue a non-diverse defendant along with a diverse defendant in the absence of an independent basis for federal jurisdiction, and judicial economy does not authorize a federal court to exercise ancillary jurisdiction over such a claim. *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Fawvor v. Texaco, Inc.,* supra.

Having concluded that Haddox may not assert its claims against Loop in federal court, we must now determine whether only that claim should be dismissed or whether the entire action should be remanded. The determination of that issue depends on whether Loop is an indispensable party un-

der Rule 19(b), Fed.R.Civ.P. *Jett v. Zink,* 362 F.2d 723 (5th Cir.1966).

 Indispensable parties are those who have such an interest in the controversy that a final decree cannot be entered without either affecting their interests or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. *Lumbermen's Mutual Casualty Co. v. Elbert,* 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59 (1954).

Rule 19(b) lists several factors the court must consider in determining whether a party is indispensable:

"First, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

As stated by the Fifth Circuit in *Schutten v. Shell Oil Company,* 421 F.2d 869 (1970):

"The distilled essence of these 'criteria' of subdivision (b) is the attempt to balance the rights of all concerned. See *Provident Tradesmens Bank & Trust Co. v. Patterson,* [390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936], supra. The plaintiff has the right to 'control' his own litigation and to choose his own forum. This 'right' is, however, like all other rights, 'defined' by the rights of others. Thus, the defendant has the right to be safe from needless multiple litigation and from incurring avoidable inconsistent obligations. Likewise the interests of the outsider who cannot be joined must be considered. Finally there is the public interest and the interest the court has in seeing that insofar as possible the litigation will be both effective and expeditious." 421 F.2d at 873.

In addition, the jurisprudence indicates that the court should make its determination not on formalistic grounds but rather on pragmatic analysis of the effect of a party's absence. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Bethell v. Peace,* 441 F.2d 495 (5th Cir. 1971).

According to the allegations of the pleadings, Loop let a general contract to Potashnick for construction of a brine storage reservoir in Lafourche Parish, Louisiana; Potashnick subcontracted a portion of the work to plaintiff, Haddox. McClelland served Loop as project engineer and construction manager of the project.

Plaintiff's claims against Potashnick allege improper withholding of amounts due as well as contract overruns and extra work performed. Potashnick claims indemnity from Loop and, by its third party demand, also asserts a claim for additional amounts allegedly due from Loop. Loop has counterclaimed against Potashnick for alleged breach of contract. The claim of Haddox against Loop is grounded upon Louisiana's Private Works Act, L.R.S. 9:4801 et seq. (and an alternative claim for quantum meruit). Plaintiff asserts that it is entitled to recover from the owner (Loop) the amount owed, but not paid, by the contractor, Potashnick. Plaintiff also seeks to have its alleged statutory lien or privilege recognized against Loop's property.

 Plaintiff in its complaint against Loop alleges that no construction contract and bond was recorded for the project and that it has recorded an affidavit of its claim against the contractor in the mortgage records of Lafourche Parish, the site of the brine facility. Where no contract is recorded L.R.S. 9:4812 (prior to its amendment of Act 724 of 1981) provides that any subcontractor who furnishes materials and labor for the project and who records a lien affidavit " . . . shall have a personal right of action against the owner for the amount of his claim . . ." Although plaintiff asserts an alternative quantum meruit claim against Loop, its primary claim is under Section 4812. This court lacks jurisdiction

to entertain that claim, which is central to resolution of the other claims.

■ The Haddox versus Loop claim is predicated upon the Haddox versus Potashnick claim. In order to hold the owner personally liable under the statute for the obligation of the contractor, the subcontractor must prove the debt. If this court holds that Haddox has proved its case against Potashnick—that it did furnish materials and labor upon Loop's brine storage facility for which it has not been paid—will that finding prejudice Loop in defending plaintiff's state court action against it? Presumably such a finding would not be res judicata as to Loop since this court lacks jurisdiction to adjudicate the Haddox versus Loop claim. But, would such a finding be admissible as evidence against Loop in state court? If not, would Haddox be required to repeat its evidence in state court already presented here? The possibility of inconsistent judgments between federal and state court is obvious.

Turning to the other side of the coin, assume this court finds that Haddox has no valid claim against Potashnick. Could Loop use that finding in defense of the Haddox state court claim against it? If not, would Haddox be entitled to offer its evidence against Potashnick a second time in state court? Again, the possibility of inconsistent judgments between federal and state court is apparent.

Simply articulating these questions graphically illustrates that this action cannot proceed without Loop if the rights of all parties are to be fully protected. No protective order which this court can devise can adequately protect the rights of all the parties in the absence of Loop, nor can the possibility of inconsistent judgments be eliminated. The state courts provide a forum which has jurisdiction to adjudicate all issues between all parties while fully protecting the rights of all parties.

Pragmatic analysis clearly dictates that Loop is, indeed, an indispensable party under Rule 19 and that the action must be remanded to the 19th Judicial District Court.

Judgment will be entered accordingly.