William BOSTEDT, Jr., Plaintiff,

v.

FESTIVALS, INC., Joseph M. Berry, Audrey Towns, City of Chicago, and Louevna Smith, Defendants.

No. 82 C 6870.

United States District Court, N.D. Illinois, E.D.

Aug. 1, 1983.

Ernest T. Rossiello, Chicago, Ill., for plaintiff.

David A. McGuire, John W. Cooley, Stone, McGuire & Benjamin, Thomas E. Brabec, Thomas G. Morrissey, Asst. Corp. Counsel, John Garofalo, Kiesler & Berman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

### WILLIAM T. HART, District Judge.

Plaintiff William Bostedt, Jr. ("Bostedt") filed a three count amended complaint in which he claims violations of his federal constitutional and statutory rights to be free from excessive force.[1] Bostedt also brings pendent claims for assault and battery and negligence. The events complained of allegedly occurred when Bostedt was arrested for an unknown offense while he was attending ChicagoFest on August 14, 1982. In Count I, Bostedt claims that defendants, Joseph M. Berry ("Berry"), Au-drey Towns ("Towns") and Louevna Smith ("Smith"),[2] all Chicago police officers, acting under color of state law and in concert exceeded their authority by beating Bostedt with their hands, feet and riot batons both before and after he was handcuffed. In Count II, Bostedt asserts state law claims for assault and battery and he repeats the allegations he makes in Count I against Berry, Towns and Smith, adding that the attacks by the police defendants were without reasonable provocation and were wilful, wanton, malicious and intentional. Count III also asserts a pendent claim against Towns for the negligent discharge of her duties and adds as a defendant Festivals, Inc.[3] Festivals, Inc. is the promoter of ChicagoFest and contracted with the City of Chicago to provide security service and facilities for patrons attending ChicagoFest. The specific claim against Festivals, Inc. is that by borrowing a servant from the City of Chicago, especially a "rookie" like Towns, Festivals, Inc. ratified Towns' behavior as its own.

Bostedt alleges that he suffered serious and permanent injury to his right leg and he seeks substantial compensatory and punitive damages. Jurisdiction over the federal claim is asserted pursuant to 28 U.S.C. § 1331.[4]

Presently before the Court is Festivals, Inc.'s motion to dismiss Count III against it for failure to state a claim under 42 U.S.C. § 1983. Bostedt correctly responds that he has not attempted to state a claim against Festivals, Inc. under section 1983. Instead, Count III expressly provides that pendent jurisdiction is asserted over Festivals, Inc.

---

1. The amended complaint also alleges that Bostedt's fourth amendment right to be free from unreasonable searches and seizures has been violated. However, the complaint includes no allegations to support a fourth amendment claim.

2. Prior to discovery, Ms. Smith was identified as Jane Doe. However, the caption of this action was amended on April 5, 1983 to reflect her true name and service was effected.

3. Also named as a defendant in Count III was the City of Chicago. On June 23, 1983, Bostedt dismissed the City as a defendant in this action.

4. In his first complaint, Bostedt incorrectly stated that jurisdiction was asserted under 42 U.S.C. § 1983. In the amended complaint, jurisdiction is asserted pursuant to 28 U.S.C. § 1331, however, Bostedt omits reference to section 1983 as the anchor statute. The Court assumes that the omission is unintentional. Bostedt does use the key language required to state a claim under section 1983: Count I alleges actions committed under color of state law; violations of his constitutional rights; and injuries which proximately resulted from those violations.

as the claim "arises out of the same nucleus of operative fact as the foregoing claims." Festivals, Inc. concedes in its reply that Count III is a negligence count, but it now maintains that it is an impermissible attempt to assert pendent party jurisdiction where no primary federal jurisdiction is possible over Festivals, Inc.: Bostedt does not allege facts which could support either federal question, 28 U.S.C. § 1331, or diversity, 28 U.S.C. § 1332, jurisdiction over Festivals, Inc.

For the reasons stated below, the Court finds that Bostedt can not assert pendent party jurisdiction over Festivals, Inc. To the extent that Count III attempts to assert pendent party jurisdiction over Festivals, Inc., Count III is dismissed. That portion of Count III which asserts a pendent claim over Towns is a valid assertion of pendent jurisdiction and is not dismissed.

## DISCUSSION

■ Pendent claim jurisdiction is a doctrine of discretion which refers to the situation where a plaintiff who has a claim based upon federal law joins with it a closely related state law claim against the same defendant. At a minimum, "[t]he state and federal claims must derive from a common nucleus of operative fact, ... such that [plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The assertion of jurisdiction by a federal court over a state law claim which could not independently be sued upon in federal court is justified by considerations of judicial economy. *Id.* at 726, 86 S.Ct. at 1139.

■ Pendent party jurisdiction differs from pendent claim jurisdiction in that a plaintiff who has a federal claim against one party seeks to join another party on a state law claim where there is no independent jurisdictional basis over the second party. *Hixon v. Sherwin-Williams Co.,* 671 F.2d 1005 (7th Cir.1982). Although the Supreme Court has noted that numerous courts of appeals since *Gibbs* have permit-

ted the assertion of pendent party jurisdiction, *see Moor v. County of Alameda,* 411 U.S. 693, 713, 93 S.Ct. 1785, 1797, 36 L.Ed.2d 596 (1973), the Court has never expressly approved of pendent party jurisdiction. In fact, the opposite likely is true.

In *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Court distinguished pendent party jurisdiction from pendent claim jurisdiction. The basis of the distinction is that the addition of a completely new defendant, over whom there is no independent basis of federal jurisdiction, is contrary to the principle that the federal courts are courts of limited jurisdiction. *Id.* at 15, 96 S.Ct. at 2420. It is irrelevant that the "claim against the first defendant and [his] claim against the second 'derive from a common nucleus of operative fact.'" *Id.* at 14, 96 S.Ct. at 2420 (citations omitted).

Nonetheless, the Court found a reason other than its general disfavor with pendent party jurisdiction to rule against the plaintiff's attempt to assert pendent party jurisdiction. *Aldinger*'s express holding is that pendent party jurisdiction is maintainable only if (1) it is constitutional under Article III and (2) Congress has not expressly or impliedly negated its existence. *Id.* at 15, 96 S.Ct. at 2420. In *Aldinger,* the plaintiff sued her employer, the Treasurer of the County of Spokane, Washington, alleging a discharge in violation of 42 U.S.C. § 1983. The plaintiff also tried to bring in as a pendent party the County of Spokane. The plaintiff needed the pendent party device in order to join the County since at that time a county was not considered a "person" amenable to suit under section 1983. *See Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *overruled in part sub nom. Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court held that Aldinger could not assert pendent party jurisdiction to subvert Congress' implied immunization of counties and like entities.

After *Aldinger,* the Supreme Court held in *Monell v. Department of Social Services,*

*supra,* that a municipality was liable under section 1983 if the alleged unlawful action implements an official policy, custom or practice. If, however, plaintiff's theory of liability is *respondeat superior,* no section 1983 claim is stated. *Id.* at 690–91, 98 S.Ct. at 2035–36.

■ Although *Aldinger's* holding was undercut by *Monell,* its principle is still good law. *Aldinger's* surviving lesson is that "the scope of the jurisdictional grant is inextricably tied to the scope of the federal claim." *United States ex rel. Hoover v. Franzen,* 669 F.2d 433, 443 (7th Cir.1982). A plaintiff must sue a "person" for behavior which rises to the level of a violation of the anchor statute, *e.g.,* section 1983, or bring his lesser claims in state court. *See, e.g., Eklund v. Hardiman,* 526 F.Supp. 941, 943 (N.D.Ill.1981). *Accord Boudreaux v. Puckett,* 611 F.2d 1028, 1031 (5th Cir.1981); *State of North Dakota v. Merchants National Bank & Trust Co.,* 634 F.2d 368, 373–74 (8th Cir.1980).

■ Technically, a private entity such as Festivals, Inc. may be held liable under section 1983 if, for example, it is acting in concert with state officials. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). It is axiomatic, however, that the behavior credited to the private party (or other 1983 plaintiff) must be actionable under section 1983. Bostedt claims that Festivals, Inc. acted negligently and failed to exercise ordinary care in the protection of its patrons by staffing ChicagoFest with inexperienced and unskilled security guards. Bostedt's theory is, in effect, one of *respondeat superior* and banned by *Monell* from action under section 1983. An alternative theory is simply negligent hiring. However, simple negligence generally is not cognizable under section 1983 either. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

It is clear then that under the facts alleged Bostedt could not have sued Festivals, Inc. under section 1983. Therefore, under *Aldinger,* pendent party jurisdiction over Festivals, Inc. also is not maintainable since Congress has impliedly negated federal jurisdiction under section 1983 for negligent acts.

Following the *Aldinger* formula logically, it is difficult to conceive of many situations in which pendent party jurisdiction would ever be viable. If a plaintiff could assert jurisdiction over a defendant on the primary claim, pendent party jurisdiction would be an unnecessary appendage. Although the Seventh Circuit has not expressly outlawed assertion of pendent party jurisdiction,[5] it has created an exception to the apparent ban. In *In re Oil Spill by the Amoco Cadiz Off the Coast of France on March 16, 1978,* 699 F.2d 909 (7th Cir.1983), the court said that while *Hixon v. Sherwin-Williams, Co.,* 671 F.2d 1005 (7th Cir.1982), had previously limited pendent party jurisdiction so as not to destroy diversity jurisdiction, the case before it involved the admiralty setting and was thus distinguishable. *Id.* at 913–14. Both the primary claim and the claim against the pendent party were within the admiralty jurisdiction which has been exclusively vested in the federal courts. If pendent party jurisdiction could not be asserted, there would be

**5.** The fate of pendent party jurisdiction is very questionable in this Circuit. In *Hixon v. Sherwin-Williams Co.,* 671 F.2d 1005 (7th Cir.1982), the court held that pendent party jurisdiction is improper in a diversity case if its assertion would circumvent the requisite amount in controversy. Expressly left open was whether pendent party jurisdiction was viable where the underlying claim was one of federal question. *Id.* at 1008. Post-*Hixon* cases speak of pendent party jurisdiction in negative language. *See, e.g., Graf v. Elgin, Joliet and Eastern Railway Co.,* 697 F.2d 771 (7th Cir.1983); *Johnson v. Miller,* 680 F.2d 39 (7th Cir.1982). At least one district judge in the Northern District of Illinois has concluded that in light of *Hixon* and the failure of the Seventh Circuit to expressly approve pendent party jurisdiction in the context of federal question cases, the jurisdiction in such cases is at an end. *Marcano v. Northwestern Chrysler-Plymouth Sales, Inc.,* 550 F.Supp. 595 (N.D.Ill.1982) (Bua, J.). *See also Ragusa v. City of Streator,* 95 F.R.D. 527 (N.D. Ill.1982).

no appropriate forum to hear the plaintiff's present claim. *Id.*

Bostedt's claim against Festivals, Inc. is not within any "exclusive forum" exception. He may sue Festivals, Inc. in state court on the state claim of negligence. If he chose, Bostedt could combine all of his claims against all of the parties in the state action; an action based upon section 1983 can be brought in state court since state and federal courts have concurrent jurisdiction over constitutional claims. *See, e.g., Spence v. Latting,* 512 F.2d 93 (10th Cir.), *cert. denied* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Luker v. Nelson,* 341 F.Supp. 111 (N.D.Ill.1972).

For the foregoing reason, Bostedt cannot assert pendent party jurisdiction over Festivals, Inc. He must sue that defendant for negligence in the appropriate state court. However, Bostedt has stated an appropriate pendent claim against Towns in Count III; Towns is the subject of independent federal jurisdiction. To that extent, Count III is not dismissed.

IT IS THEREFORE ORDERED that

1. The motion of defendant Festivals, Inc. to dismiss the pendent claims brought against it in Count III is granted.

2. Count III is not dismissed to the extent that it states a pendent claim against defendant Towns.

3. A status hearing will be held on September 30, 1983 at 9:45 a.m.