**Angelia BARTON, et al**

**v.**

**GULF STATES ENTERTAINMENT, et al.**

**Civ. A. No. 83-710-A.**

United States District Court, M.D. Louisiana.

Feb. 19, 1987.

Arthur Cobb, Arthur Cobb, Ltd., Baton Rouge, La., for plaintiffs.

William E. Brown, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for defendants, Gulf States Entertainment, Inc. and Jude "Jay" Cooper.

Murphy J. Foster, III, Breazeale, Sachse & Wilson, Leo J. D'Aubin, Baton Rouge, La., for defendants, Sigrid T. Erwin, Theresa T. Bourgeois, Richard Netterville, Randall Brinkhaus.

Paul H. Spaht, Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, La., for defendant American Cas. Co.

Larry D. Book, Asst. Parish Atty. for City of Baton Rouge, Baton Rouge, La., for defendant City of Baton Rouge.

JOHN V. PARKER, Chief Judge.

This matter is before the court on motion of defendant, the City of Baton Rouge, to dismiss and on motion of defendants, Gulf States Entertainment, Inc. and Jay Cooper, for partial summary judgment. Plaintiff opposes both motions. Defendant, American Casualty Company, opposes the motion for partial summary judgment insofar as it seeks a declaration that there is insurance coverage for punitive damages. A supplemental memorandum in support of the motion for partial summary judgment has

been filed. The City of Baton Rouge has filed a supplemental memorandum in support of its motion to dismiss. Gulf States and Cooper have filed a reply memorandum regarding insurance coverage for punitive damages. Jurisdiction is based on 28 U.S.C. § 1343 and pendent jurisdiction. No oral argument is necessary.

Plaintiffs claim that they were attempting to obtain tickets to a movie at Cinema 8 in Baton Rouge, Louisiana, owned and operated by defendant Gulf States, that the ticket cashier refused them the tickets and summoned security, that the guard and other off-duty police officers, employed by Gulf States to maintain order, took the plaintiffs to the cinema manager's office, and that they were beaten and otherwise ill treated there. Plaintiffs sue for violation of their constitutional rights under 42 U.S.C. § 1983 and for violation of various state law rights protected by Louisiana Civil Code articles 2324 and 2315, implicitly including false arrest. Plaintiffs sue Gulf States, Cooper, the manager, their insurer, American Casualty Company, the excess liability insurer for those defendants, United States Fire Insurance Company, various police officers, the City of Baton Rouge and its insurer, North River Insurance Company.

The City of Baton Rouge was dismissed upon its motion to dismiss for failure to state a claim upon which relief can be granted but that motion addressed only the § 1983 claim, not the pendent claims under state law. North River Insurance Company and United States Fire Insurance Company were dismissed by joint motion to dismiss on November 3, 1986.

The City now moves to dismiss the pendent state law claims against it. The City points out that this court recognized that it could not be held liable where the sole basis of liability is through respondeat superior, the complaint having failed to allege any governmental policy or custom which could give rise to municipal liability under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Since the only allegations against the City were that it employed the police officers, the 42 U.S.C. § 1983 claim was dismissed against the City. The City now argues that "pendent party" jurisdiction is not applicable, so that the court lacks jurisdiction to adjudicate the state law claims against the City. The claims are purely state law because a municipality is liable under Louisiana law for torts committed by its agents and employees, but no such respondeat superior liability is allowed under 42 U.S.C. § 1983. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) first enunciated the doctrine which has become known as "pendent party jurisdiction." Where a federal district court clearly has Article III jurisdiction over claims against some parties and a state law claim is made against another party which is derived from a common nucleus of operative fact, the court may under some circumstances adjudicate the claim against the additional party even though there is no independent jurisdiction over that party. As *Aldinger* points out, it is the Congress, not the judiciary which confers jurisdiction upon district courts. 96 S.Ct. at 2421. While 28 U.S.C. § 1343(3) grants jurisdiction over actions brought under 42 U.S.C. § 1983, it is well established that § 1983 imposes municipal liability only if there is a governmental custom or policy. *Monell,* supra. The mere fact that a state claim is asserted against an additional party arising out of the same incident does not act to extend the limited jurisdiction of this court; neither does judicial economy. See *Locust v. Degiovanni,* 485 F.Supp. 551 (E.D.Pa.1980). Under *Aldinger* this court lacks jurisdiction to entertain the state law claims against the city.

Moreover, should the power to decide these claims exist in this court, the court in its discretion declines to exercise that power. All claims against all parties could be adjudicated in state court and there is no cause to judicially extend the jurisdictional barriers erected by the Congress. The motion to dismiss will be granted.

The defendants Gulf States and Cooper move for partial summary judgment as follows: (1) dismissal of the § 1983 claim

against Gulf States; (2) dismissal of the § 1983 claim against Cooper; (3) dismissal of the false arrest claims; and (4) declaration of insurance coverage for punitive damages. Although presented as a motion for summary judgment, it is apparent that the motion as to Gulf States must be considered as a motion to dismiss for failure to state a claim upon which relief can be granted. No facts are involved, only the allegations of the complaint are relied upon. Defendants claim that Gulf States is alleged to be liable only as the employer of Cooper and the police officers, and that Gulf States may not be held liable under 42 U.S.C. § 1983 on the basis of vicarious liability. Defendants claim that the transcript of the criminal trial of plaintiffs and testimony of the plaintiffs and Cooper show that Cooper is not liable under 42 U.S.C. § 1983, since he allegedly did not participate in any of the beatings or in the arrest. Defendants claim that plaintiffs' convictions on the arrests is a complete defense to the false arrest claim. Finally, defendants Gulf States and Cooper claim that the insurance policy issued by American Casualty Company covers punitive damages. Gulf States claims that coverage is available to it since the injury definitely was not expected nor intended from its standpoint and that the test developed in the jurisprudence for coverage of intentional torts is whether the injury itself, and not the act, was expected or intended. Cooper claims that the testimony at the criminal trial demonstrates that none of the injuries nor the arrest were expected or intended by him. The supplemental memorandum of Gulf States and Cooper seeks to inform this court of additional authority for the "jurisprudential rule that the insurer of an employer or corporation can be liable under its policy for intentional acts of the insured's employees," *Ashland Oil, Inc. v. Miller Oil Purchasing Co.*, 678 F.2d 1293, 1316 (5th Cir.1982).

Plaintiffs oppose the motion as to the first three requests. Plaintiffs claim that Gulf States directed the behavior of its manager and made the rules as to whom to eject from the theater, so that Gulf States is alleged to be more than vicariously liable and thus, subject to suit under 42 U.S.C. § 1983. These allegations are not made in their complaint. More to the point, however, such allegations would not impose § 1983 liability upon a private entity. Plaintiffs only assert in paragraph 13 that Gulf States and Jay Cooper "did act in concert with" the public officers by helping them injure the plaintiffs. It is obvious that these allegations are of Cooper's actions and not Gulf States. Too, in their statement of material facts which are in dispute, plaintiffs only allege Gulf States' employment of Cooper and the four police officers, and that "the involvement and participation of Gulf States and Jay Cooper is a genuine issue to be tried." Since plaintiffs have not even alleged facts to establish the independent § 1983 liability of Gulf States, its motion as to this claim will be granted.

Although Gulf States limits its motion to the federal claims made against it, the court, sua sponte, must make the same "pendent party" jurisdictional analysis as was made of the claims against the City. Federal district courts are courts of limited jurisdiction and jurisdictional issues must be noticed by the court itself. *Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1317 (5th Cir.1983); *Bouchet v. National Urban League, Inc.*, 730 F.2d 799, 805 (D.C.Cir.1984); *Lamar Haddox Contractor, Inc. v. Potashnick*, 552 F.Supp. 11, 13 (M.D.La.1982).

Again, *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) compels the conclusion that this court has no jurisdiction to entertain the state law claims against Gulf States. Section 1983 reaches private entities only where they conspire with or act in concert with state officials. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Here the only allegations made (or which could be made) are that the Gulf States corporation employed Cooper and the off-duty policemen. Such respondeat superior liability is not allowed under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The court lacks juris-

diction to hear state law claims against Gulf States for which there is no independent jurisdiction. *Bostedt v. Festivals, Inc.*, 569 F.Supp. 503 (N.D.Ill.1983). Here again, assuming jurisdiction, the court exercises its discretion to decline to hear the state law claims against Gulf States when all claims, federal as well as state, against all parties could be adjudicated in the state courts. Gulf States will be dismissed from this action.

Plaintiffs oppose defendants' motion as to Cooper's liability by stating that Cooper did act in concert with the police officers and that Cooper, as manager of the theater, directed, authorized, and participated in the incident. Plaintiffs' statement of disputed issues of fact do point out genuine issues of material fact which prevent granting the motion for partial summary judgment as to Cooper's § 1983 liability. The defendants selectively quote passages from the criminal trial transcript. Though defendants emphasize the fact that neither plaintiff claims to have been beaten by Cooper, Cooper could be found liable under § 1983 for joint participation with the police officers.

As to the false arrest claim, plaintiffs claim that a conviction is a defense only if convicted in the federal system. Plaintiffs incorrectly cite and incorrectly interpret the case of *Martynn v. Darcy*, 333 F.Supp. 1236 (E.D.La.1971). Though not binding on this court, that case is instructive. In that case, plaintiff sued for false arrest. The court found that the validity of the *state* court conviction following that arrest could not be relitigated because of the doctrine of issue preclusion. Because the plaintiff had been convicted, there must have been probable cause for the arrest, a valid defense to a false arrest claim. Though defendants in the instant case have not attached evidence of the conviction that would be admissible in court, the plaintiffs do not dispute the fact of their state court convictions, so this court will take the convictions to be established. Under the rationale of *Martynn*, defendants' motion for partial summary judgment as to plaintiffs' false arrest claim is GRANTED.

Coverage of punitive damages for Gulf States is no longer an issue, since all claims against it are being dismissed.

American Casualty Company argues first that it agrees with Cooper's position that the § 1983 claim should be dismissed against him. However, the insurer claims that, if it is not, the insurer should not be declared to have coverage for an award of punitive damages imposed against Cooper. The insurer claims that coverage for punitive damages for the wrongdoer is against public policy, citing *Dubois v. Arkansas Valley Dredging Co., Inc.*, 651 F.Supp. 299 (W.D.La.1987). The insurer also claims that its coverage is only for bodily injury and property damages, not punitive damages, and that there are general issues of material fact as to whether the injuries were expected or intended from the standpoint of Cooper.

Gulf States and Cooper filed a reply memorandum in which they seek to distinguish the *Dubois* case on the grounds that *Dubois* is an admiralty action and not one involving insurance in a civil rights action. They claim that *Fagot v. Ciravola*, 445 F.Supp. 342 (E.D.La.1978) is more on point, in which the court held that there was insurance coverage for punitive damages under a police officer's professional liability policy which specifically covered false arrest, false imprisonment, malicious prosecution, assault and battery, libel, slander, and "violation of property rights or deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States...."

This court need not decide the issue of insurance coverage for punitive damages at this juncture. We deal here with an entirely different type of insurance policy—one issued to a private concern covering only "Bodily Injury" and "Property Damage" with no specific inclusion of deprivation of civil rights. That policy may or may not provide coverage for punitive damages assessed against Cooper and the public policy of Louisiana may or may not prohibit such coverage. This court is not yet persuaded

either way on either question. Under these circumstances, we will wait to see whether the jury awards punitive damages. Trial of this issue will involve virtually no additional effort. If the defense wins or if the jury does not award punitive damages, we avoid this difficult Louisiana law thicket.

Accordingly, the motion by the City of Baton Rouge to dismiss is hereby GRANTED and all claims against the City will be dismissed. The motion for partial summary judgment as to Gulf States, treated as a motion to dismiss, is hereby GRANTED and all claims against it will be dismissed. The motion as to Cooper's liability under the Civil Rights Act is hereby DENIED. The motion for partial summary judgment as to the false arrest claim is hereby GRANTED in Cooper's favor, dismissing that claim. The motion for partial summary judgment as to coverage for punitive damages is hereby DENIED as moot as to Gulf States and DENIED as to Cooper. The last issue may of course be reasserted post trial depending upon the jury's verdict.